UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN FOLEY,

       Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
_____/

Case No. 16-10574

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
STEPHANIE DAWKINS DAVIS

**ORDER ADOPTING REPORT AND RECOMMENDATION [18], GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [15], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [14], OVERRULING PLAINTIFF'S OBJECTION [19]**

On February 16, 2017, Magistrate Judge Davis issued a Report and Recommendation (R&R) [18], recommending that Defendant's Motion for Summary Judgment [15] be granted and, accordingly, that Plaintiff's Motion for Summary Judgment [14] be denied. Plaintiff filed an objection [19] on March 2, 2017, and Defendant filed a response [20] on March 13, 2017. For the reasons stated below, the R&R [18] is **ADOPTED** and is entered as the findings and conclusions of the Court, and Plaintiff's objection [19] is **OVERRULED**. Defendant's Motion for Summary Judgment [15] is **GRANTED** and Plaintiff's Motion for Summary Judgment [14] is **DENIED.**

## STATEMENT OF FACTS

Plaintiff filed a claim seeking disability benefits on December 10, 2013, alleging that he became disabled and unable to work, commencing September 1, 2012. His claims were denied, initially on April 2, 2014. Plaintiff subsequently had an administrative hearing on December 10, 2014, and a decision was issued on January 27, 2015, determining that Plaintiff was not disabled within the meaning of the Social Security Act.

The Magistrate Judge summarized the administrative record of Plaintiff's disability application as follows:

> Plaintiff was 50 years old on the alleged disability date. (Dkt. 12-2, Pg ID 61). Plaintiff, a resident of Detroit, Michigan, has a high school education and past relevant work as a material handler, forklift driver and production machine tender, which are classified as medium or heavy and skilled. *Id*. Plaintiff testified that he could not work because of fatigue, limited lifting and walking ability, leftsided weakness, and difficulty with his memory and completing tasks. (Dkt. 12-2, Pg ID 59, 83-84).
>
> The ALJ applied the five-step disability analysis to plaintiff's claims and found at step one that plaintiff did not engage in any substantial gainful activity since the application date. *Id*. at 56. At step two, the ALJ found that plaintiff had the following severe impairments: status-post cerebrovascular accident, status-post myocardial infarction, hypertension, and adjustment disorder. *Id*. At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled one of the listings in the regulations. *Id*. at 57. The ALJ determined the following as to plaintiff's residual functional capacity (RFC):
>
>> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: the claimant could occasionally kneel, crouch, crawl, climb ramps, stairs,

> ladders, ropes, and scaffolds. He could frequently balance and stoop. He should avoid hazardous machinery and heights. He would be limited to simple routine tasks.
>
> *Id.* at 58. At step four, the ALJ determined that plaintiff could not perform his past relevant work. *Id*. at 61. At step five, the ALJ concluded that based on plaintiff's age, education, work experience and RFC, there were jobs that existed in significant numbers in the national economy that plaintiff could have performed and, therefore, he was not under a disability from the date of the application through the date of the decision. *Id*. at 61-62.

[18 at 2-4].

## STANDARD OF REVIEW

This Court reviews objections to an R&R on a dispositive motion *de novo*. *See* 28 U.S.C. § 636(b)(1)(c). Judicial review of a decision by an Administrative Law Judge ("ALJ") is limited to determining whether the factual findings are supported by substantial evidence and whether the ALJ employed the proper legal standards. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The ALJ's factual findings "are conclusive if supported by substantial evidence." *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 243 (6th Cir. 1987). "Substantial evidence is defined as more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). The substantial evidence standard "does not permit a selective reading of the record," as the reviewing court's assessment of the evidence supporting the ALJ's

findings "must take into account whatever in the record fairly detracts from its weight." *Garner v. Heckler,* 745 F.2d 383, 388 (6th Cir. 1984).

## ANALYSIS

Plaintiff raises only one objection to the R&R. He argues that the Magistrate Judge erred by finding that there was substantial evidence to support the ALJ's RFC of "light" work, considering Plaintiff's condition and abilities, and disregarding the opinion of a treating physician on the length of his disability. Plaintiff specifically points to his left-side weakness, spasms, and walking difficulties resulting from this impairment as evidence that he cannot do light work.

Plaintiff's objection points to evidence in the record to support his claim that he cannot perform light work. However, he does not address the evidence in the R&R that substantially supports the ALJ's decision. As the Magistrate acknowledged, there may be evidence to contrary as to whether Plaintiff can do light work, but Plaintiff has not established that the ALJ's RFC is unsupported by substantial evidence.

Plaintiff cites to medical evidence from the onset of the left-side weakness on September 8, 2012 [12-7 at 284] through an examination on August 25, 2014 [12-7 at 439] as evidence that the left-side weakness is a continued problem that seriously affects his ability to stand or walk. However, this evidence does not

negate the ALJ's determination. As Plaintiff admits, his weakness has improved over time. While he argues that this does not mean that his existing weakness is not chronic, or serious enough to prevent him from performing light work, the evidence does not support this assertion. The medical evidence shows his weakness improving, and the statements from Plaintiff's physicians do not indicate that the condition is serious enough to overcome the ALJ's finding that Plaintiff could perform light work. Specifically, on August 25, 2014, a few months before the hearing, Plaintiff's physician Dr. Angela Bully, stated that, during the examination, she observed rigidity with ROM of the left upper and lower extremities and "motor on the left decreased compared to right which is unchanged." [12-7 at 439].

This evidence does not negate the facts that the ALJ found supported a finding that Plaintiff could perform light work. First, the ALJ relied on the opinions of consultative examiners Dr. Bina Shaw and Dr. Sonia Ramirez-Jacobs to determine Plaintiff's physical RFC. When assessed by Dr. Shaw on March 17, 2014, Plaintiff was found to be able to "engage in simple, low cognitive repetitious activities for eight hours a day," "sit, stand and walk for eight hours a day," and "bend partially and lift at least 20 pounds without difficulty." [12-7 at 359]. On April 1, 2014, Plaintiff saw Dr. Ramirez-Jacbos found that there was "[n]o significant physical findings, normal gait, full range of motion of extremities." [12-

3 at 79]. The medical evidence of undisputed improvement in left-side weakness, as well as the consulting examinations, all substantially supported the ALJ's RFC. None of the evidence cited by Plaintiff has any indication that Plaintiff is unable to perform light work as described by the ALJ.

The Court agrees with the Magistrate Judge that, while there may be evidence to support Plaintiff's assertion that his left-side weakness was chronic, he has failed to show any evidence to justify a finding that the ALJ's RFC is unsupported by substantial evidence. As the Sixth Circuit has held, "the Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence, supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003).

Plaintiff challenges the R&R, arguing that it erred by asserting that Dr. Rahbar failed to indicate the length of time for which Plaintiff would be unable to perform his job functions. [19 at 6]. Dr. Rahbar's report from September 18, 2012 stated that the left-side weakness commenced on September 7, 2012, and described the condition as "probably chronic" and placed the end date of Plaintiff's incapacity as "unknown" [12-7 at 289-290]. Plaintiff argues that this means his left-side weakness was chronic, thus providing substantial evidence that Plaintiff cannot perform light work.

First, Defendant is correct that this is a new line of argument that was not presented by the Plaintiff in the Motion for Summary Judgment [14] and was not before the Magistrate. Any issues raised for the first time in an objection to a Magistrate's R&R are deemed waived. *Murr v. United States*, 200 F.3d 895, 902, n. 1 (6th Cir. 2000). However, this argument also fails on its merits. Notably, the opinion of Dr. Rahbar does not state that the severity of Plaintiff's condition will continue to remain at the same level and leave him unable to work. In fact, the evidence is undisputed that the condition was, and in fact, had improved. [14 at 8]. Just stating that the condition has no known end date does not indicate that it did last for a duration of 12 months with that same severity, particularly in the face of the evidence considered by the ALJ, provided two years later at the consultative examinations of Drs. Shaw and Ramirez-Jacobs. *See* [12-7 at 359; 12-3 at 79]. Dr. Rahbar's opinion was considered by the ALJ, and based on the above analysis, the Court determines that the ALJ's decision was supported by substantial evidence.

## CONCLUSION

The Court having reviewed the record in this case, the R&R [18] of the Magistrate Judge is hereby **ADOPTED** and is entered as the findings and conclusions of the Court.  Accordingly,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment [15] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment or Remand [14] is **DENIED**.

**IT IS ORDERED** that Plaintiff's Objection [19] is **OVERRULED**.

This case is **CLOSED**.

**SO ORDERED**.

Dated: March 27, 2017

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge